**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
_____ :
                                :
NEZZY ADDERLY,                  :      Civil Action No.
                                :
              Petitioner,       :      11-6450 (RBK)
                                :
         v.                     :      MEMORANDUM OPINION
                                :      AND ORDER
DONNA ZICKEFOOSE,               :
                                :
         Respondent.            :
_____ :
```

IT APPEARING THAT:

1.  This matter comes before the Court upon Petitioner's submission of a § 2241 petition ("Petition"). See Docket Entry No. 1.

2.  In his Petition, Petitioner asserts that his federal sentence, imposed by the United States District Court of the Eastern District of Pennsylvania ("EDPA") was erroneously enhanced on the basis of Petitioner's pre-EDPA conviction rendered by Pennsylvania Court of Common Pleas. See Docket Entries Nos. 1 and 1-1. Specifically, Petitioner maintains that the crimes underlying his pre-EDPA state convictions were not crimes of violence and, therefore, the EDPA erroneously applied career offender enhancement to Petitioner when it rendered Petitioner's federal sentence of 180 months. See id.

3.  Petitioner concedes that he indeed committed the offenses underlying his federal sentence, and informs this Court that

Page -1-

Petitioner filed a § 2255 motion with the EDPA, which was denied on March 19, 2010.  See Docket Entry No. 1, at 3 and 10.  Being aware of the jurisdictional limitations associated with his instant Section 2241 applications, Petitioner maintains that this Court has jurisdiction to entertain his claims because Petitioner is "actually innocent" of the "enhancement" element of his federal sentence.  See id. at 10.

4.   A section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence.  See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention.  See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 249-51.  A section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).  Rather, the "safety valve" provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to

challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. <u>See</u> <u>Okereke</u>, 307 F.3d at 120 (citing <u>In re Dorsainvil</u>, 119 F.3d at 251).

5.  The Court of Appeals for the Third Circuit invariably held that the challenges of federal inmates attacking their sentence enhancement cannot be raised by means of a § 2241 application. <u>See</u> <u>David v. Grondolsky</u>, 2007 U.S. Dist. LEXIS 92187 (D.N.J. Dec. 14, 2007), <u>aff'd</u>, 305 Fed. App'x 854 (3d Cir. 2009), <u>cert. denied</u> <u>David v. Schultz</u>, 129 S. Ct. 2784 (2009); <u>see also</u> <u>Sorrell v. Bledsoe</u>, 2011 U.S. App. LEXIS 14463 (3d Cir. Pa. July 14, 2011) (affirming dismissal of a petition substantively identical to the one at bar); <u>Rhines v. Holt</u>, 2011 U.S. App. LEXIS 13606 (3d Cir. Pa. June 30, 2011) (same); <u>Pollard v. Yost</u>, 406 Fed. App'x 635 (3d Cir. 2011) (applying the same rule to a § 2241 petition filed by the petitioner who, as Petitioner here, pled guilty to his federal offense). Therefore, the Petition at bar is subject to dismissal for lack of jurisdiction.

6.  The fact that Petitioner is asserting "actual innocence" as to the enhancement element of his sentence introduces a distinction without difference. <u>See</u> <u>id.</u> A claim of "actual innocence" relates to *innocence in fact*, not innocence based

on a legal, procedural defect.[1]   A petitioner asserting "actual innocence" must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of his/her *conviction*; only *that* innocence permits him/her to argue the merits of his/her claim. Therefore, a claim of actual innocence requires the petitioner to show: (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have *convicted* the petitioner in the light of the new evidence. See House v. Bell, 547 U.S. 518 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  In other words, the petitioner must present evidence suggesting that (s)he did not commit the offence for which (s)he was convicted: that is why the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is

---

[1] Before the AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993).  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent.  See id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991).  The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera, 506 U.S. at 404.

demanding and permits review only in the "extraordinary" case. See House, 126 S. Ct. at 2077 (citing Schlup, 513 U.S. at 327). Simply put, the "actual innocence" theory does not concern itself with the niceties of shorter or longer sentences, or analogous technicalities: rather, it focuses on ensuring that the person who is wholly innocent of the crime would not be left unduly incarcerated without a remedy, in the event that person obtains proof that (s)he did not commit the offense for which (s)he is being incarcerated.[2]  See David v. Grondolsky, 305 Fed. App'x 854.

7. Here, Petitioner does not assert innocence in fact; on the contrary, he readily concedes that he committed the offence underlying his EDPA conviction.[3]  Therefore, Petitioner is not "actually innocent" within the meaning of governing law, and

_____

[2] For instance, in House v. Bell, 547 U.S. 518, the inmate asserted that new evidence conclusively established that semen on the rape-and-murder victim's clothes was that of the victim's husband and indicated that bloodstains on his clothes resulted from spillage from samples of the victim's blood and that the victim's husband was the likely murderer.  The Supreme Court held that, while there was no showing of conclusive exoneration, consideration of the inmate's claims was warranted since it was more likely than not that no reasonable juror viewing the record in light of this new evidence would lack reasonable doubt as to the inmate's innocence of his rape and murder conviction, especially granted the newly-discovered testimony that the husband confessed to the crime and regularly abused the victim.

[3] Moreover, Petitioner does not assert that he was wrongfully convicted of the offense underlying his state conviction; he merely maintains that the EDPA erred in qualifying his state offense as a crime of violence.

the narrow jurisdictional exception addressed in <u>House v. Bell</u> is inapplicable to the case at bar.  <u>See</u> <u>Perez v. Samuels</u>, 2007 U.S. Dist. LEXIS 43084 (D.N.J. June 8, 2007) (dismissing a substantively indistinguishable position where a federal inmate conceded that he committed the offense he was convicted of but asserted that he was entitled to litigate his sentence enhancement claims under § 2241 because of his belief that was "actually innocent" for the purposes of the enhancement element of his federal sentence), <u>aff'd</u>, 256 Fed. App'x 443 (3d Cir. 2007); <u>see</u> <u>also</u> <u>David v. Grondolsky</u>, 305 Fed. App'x 854 (3d Cir. 2009) (providing a detailed discussion of the issue); <u>accord</u> <u>Rhines</u>, 2011 U.S. App. LEXIS 13606 (same); <u>Pollard</u>, 406 Fed. App'x 635 (same); <u>Sorrell</u> 2011 U.S. App. LEXIS 14463 (same).  Therefore, Petitioner's claims are subject to dismissal for lack of jurisdiction.

8.   Finally, this Court notes, with great concern, that Petitioner already raised his claim of undue enhancement of his federal sentence during his § 2255 proceedings conducted at the EDPA, when he alleged that his state offenses should not qualify as crimes of violence.  <u>See</u> <u>United States v. Adderly</u>, 2010 U.S. Dist. LEXIS 27371, at *4-9 (E.D. Pa. Mar. 19, 2010) (discussing Petitioner's five separate state offenses and explaining why these offenses qualify as crimes of violence). Therefore, to the extent Petitioner seeks to re-litigate,

before this Court, his § 2255 challenges that were already
raised before and dismissed by the EDPA, Petitioner's claims
are barred by the doctrine of <u>res judicata</u>.  Pursuant to the
doctrine of <u>res judicata</u>, a judgment on the merits in a prior
suit involving the same parties or their privies bars a second
suit based on the same cause of action.  See <u>Lubrizol Corp. v.
Exxon Corp.</u>, 929 F.2d 960, 963 (3d Cir.1991).  The purpose of
<u>res judicata</u> doctrine is to avoid "relitigation of the same
claims, expense to litigants and inconsistent results." <u>Avins
v. Moll</u>, 610 F. Supp. 308, 316 (D.C. Pa. 1984); <u>see also</u> <u>Brown
v. Felsen</u>, 442 U.S. 127, 131 (1979); <u>Jett v. Beech Interplex,
Inc.</u>, 2004 U.S. Dist. LEXIS 13352, at * 2 (E.D. Pa. July 15,
2004) ("The purposes underlying the doctrine are to conserve
judicial resources, establish certainty and respect for court
judgments, and to protect the party that relies on prior
adjudication from vexatious litigation").  The three prong
test for the application of <u>res judicata</u> requires: "(1) a
final judgment on the merits in a prior suit involving (2) the
same claim and (3) the same parties or their privies." <u>EEOC
v. U.S. Steel Corp.</u>, 921 F.2d 489, 493 (3d Cir. 1990).
Importantly, "res judicata will 'not be defeated by minor
differences of form, parties or allegations' where the
'controlling issues have been resolved in a prior proceeding
in which the present parties had an opportunity to appear and

assert their rights.'" <u>Jett</u>, 2004 U.S. Dist. LEXIS 13352, at
* 2.  Here, it appears that Petitioner is raising the
challenges substantively indistinguishable from those raised
before and dismissed by the EDPA.  Therefore, these challenges
should be dismissed as barred by the doctrine of <u>res</u> <u>judicata</u>.
Moreover, Petitioner's repeated attempts to re-litigate the
matters conclusively resolved by the EDPA come dangerously
close to abusing the writ.  "The concept of 'abuse of the
writ' is founded on the equitable nature of habeas corpus. .
. . Where a prisoner files a petition raising grounds that
were available but not relied upon in a prior petition, or
engages in other conduct that disentitles him to the relief he
seeks, the federal court may dismiss the subsequent petition
on the ground that the prisoner has abused the writ."  <u>Id.</u> at
17-19.  The Court of Appeals clarified the workings of the
doctrine of abuse of writ as follows: "When a prisoner files
multiple petitions [seeking] relief [in the form of a writ],
the abuse of the writ doctrine as set forth in 28 U.S.C. §
2244(a) may bar his claims: No circuit or district judge shall
be required to entertain an application for [another writ] to
inquire into the detention of a person . . . if it appears
that the [same issue was resolved] by a judge or court of the
United States on a prior application for a writ of habeas
corpus . . . ." <u>Furnari v. United States Parole Comm'n</u>, 531

F.3d 241 (3d Cir. 2008) (relying on <u>Sanders v. United States</u>, 373 U.S. 1, 9 (1963)).  This Court, therefore, strongly encourages Petitioner to treat all his legal actions, be they initiated in this District or in any other court, with utmost seriousness and to avoid re-litigations of the same challenges since Petitioner's failure to heed to this guidance might expose him to the measures tailored to prevent abuse of writ.

9.  Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. <u>See</u> 28 U.S.C. § 2244.  Since Petitioner's § 2255 motion was already filed with and dismissed by the EDPA, and the grounds substantively analogous to those raised in the Petition were already resolved by the EDPA, it is not in the interest of justice to transfer this Petition to the EDPA or to the United States Court of Appeals for the Third Circuit (upon construing it as a request for leave to file a second/successive § 2255 motion).  However, no statement made in this Memorandum Opinion and Order shall be construed as preventing Petitioner from seeking leave to file a second/successive § 2255 motion

on Petitioner's own.

IT IS, therefore, on this  9th  day of   November  , 2011,

ORDERED that the Petition, Docket Entry No. 1, is dismissed for lack of jurisdiction or, in alternative, as barred by the doctrine of res judicata; and it is further

ORDERED that the Clerk shall close this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is further

ORDERED that this Court expressly withdraws its jurisdiction over this action; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

s/Robert B. Kugler
**Robert B. Kugler,**
**United States District Judge**